# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No.: 09-02937 |
| | Chapter 11 |
| DALE JULIAN PARSONS, JR. and | |
| MARY VIRGINIA PARSONS, | |
| | Rel. Dkt. No. 85 |
| Debtors. | |

## MEMORANDUM CONCERNING DEBTORS' MOTION TO RECONSIDER ORDER DENYING MOTION FOR SANCTIONS FOR VIOLATION OF AUTOMATIC STAY

Debtors' motion to reconsider the order denying their motion for sanctions for violation of the automatic stay came on for hearing on June 17, 2010, at 9:30 a.m. Appearances were made by Ramon Ferrer, Esq. for the Debtors, and Simon Klevansky, Esq. and Alika L. Piper, Esq. for Pacific Source, Inc. and Mark Mason.

The court found the reasons for reconsideration, as stated in the Debtors' memorandum, difficult to follow. Therefore, at the start of the hearing, Debtors' counsel was asked to state the basis or bases of their motion. Counsel stated that the court erred, because the earnings of Aloha Package Homes, LLC, were really the earnings of Debtor Mary Virginia Parsons and, therefore, part of Parsons'

bankruptcy estate.[1]

This issue was satisfactorily addressed in the original findings of fact and conclusions of law filed on April 21, 2010. (dkt. no. 75).

Aloha Package Homes, LLC is corporation and a separate entity. Aloha Package Homes, LLC is not a debtor in any bankruptcy case, so the automatic stay of 11 U.S.C. § 362(a) does not apply to or protect Aloha Package Homes, LLC.

Debtors' reply memorandum in support of the motion to reconsider raised, for the first time, the contention that the income of Aloha Package Homes, LLC really is the income of Debtor Mary Virginia Parsons because Aloha Package Homes, LLC, is a Subchapter S corporation, and she is its sole shareholder. This argument is rejected for several reasons: (1) this issue was not raised in the original motion alleging violation of the automatic stay; (2) because the issue was raised for the first time in Debtor's reply memorandum, Pacific Source, Inc. and Mark Mason were not given the opportunity to file a responsive memorandum; (3) Debtor Mary Virginia Parsons failed to cite to legal authority in support of her position; and (4) the position is erroneous, since a Subchapter S corporation is still a separate entity. As a separate entity, it is still required to file an informational tax return under

---

[1] Co-debtor Dale Julian Parsons, Jr., has no ownership interest in Aloha Package Homes, LLC.

2

26 U.S.C. § 6037 and is considered a "taxpayer" under 26 U.S.C. § 7701(a)(14).

James S. Eustice, Federal Income Taxation of Corporations and Shareholders,

¶ 6.06 [2][a] (6th ed., 2009).

"[A]n S corporation is a separate entity from its shareholders." Catalano v.

C.I.R., 240 F.3d 842, 843 (9th Cir. 2001). The S corporations pass-through structure

does not eliminate "the distinction between the business of shareholders and the

business of the corporation: 'These differences make it improper to treat income

earned by the corporation through its trade or business as though it were earned

directly by its shareholders, even when, . . . , the shareholders' services help to

produce that income. An S corporation's income passes through to its shareholders

not because they helped to create that income but because they are shareholders.'"

Ding v. C.I.R., 200 F.3d 587, 589 (9th Cir. 1999) quoting Durando v. United States,

70 F.3d 548, 552 (9th Cir. 1995). There "is a longstanding rule" that the

shareholders and the corporation are separate entities and that "the business of the

corporation is not the business of its shareholders." Durando, 70, F.3d at 552 n.9

(citations omitted).

U.S. Bankruptcy Court - Hawaii   #09-02937   Dkt # 111   Filed 06/23/10   Page 3 of 4

An order will be entered denying the motion to reconsider.

Dated: Honolulu, Hawaii, _____JUN 2 3 2010_____.

Lloyd King
United States Bankruptcy Judge

4