ENVER W. PAINTER, JR. (JD 2525)
Attorney at Law, A Law Corporation
1188 Bishop Street, Suite 2505
Honolulu, Hawaii 96813
Telephone: (808) 537-9777
Facsimile: (808) 537-9207
enver.painter@hawaiiantel.net

General Counsel for Trustee
DANE S. FIELD



IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | ) Case No. 09-02937 |
|---|---|
| DALE JULIAN PARSONS, JR., and MARY VIRGINIA PARSONS<br><br>Debtors | ) FINDINGS OF FACT AND<br>) CONCLUSIONS OF LAW<br>) RELATING TO TRUSTEE'S<br>) MOTION FOR AUTHORITY TO<br>) SETTLE DEBTORS' CLAIMS<br>) AGAINST PACIFIC SOURCES,<br>) INC., AND MARK MASON AND<br>) PACIFIC SOURCES', INC'S<br>) CLAIMS AGAINST THE ESTATE<br>)<br>) Hearing:<br>) Date: November 16, 2011<br>) Time: 10:30 a.m.<br>) Judge: The Honorable Lloyd King<br>)<br>) Related Docket No.: 230 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
RELATING TO TRUSTEE'S MOTION FOR
AUTHORITY TO SETTLE DEBTORS' CLAIMS AGAINST
PACIFIC SOURCES, INC., AND MARK MASON AND
<u>PACIFIC SOURCES', INC'S CLAIMS AGAINST THE ESTATE</u>**

The Trustee's Motion for Authority to Settle Debtors' Claims Against Pacific Sources, Inc., and Mark Mason and Pacific Sources', Inc.'s Claims Against the Estate filed on October 6, 2011, Dkt # 230, came on for hearing before the Honorable Lloyd King on November 16, 2011. Enver W. Painter, Jr. appeared on behalf of Trustee Dane S. Field who was also present. Simon Klevansky and Alika Piper appeared on behalf of Pacific Sources, Inc., and Mark Mason. Ramon Ferrer appeared telephonically on behalf Debtor Virginia Parson.

The Court having read the Motion and the Objection filed by Debtor Virginia Parsons, Dkt #235, and the Reply Memorandum filed in support of the Motion, Dkt # 242 and Dkt #245, and having heard and considered the argument of counsel, issues the following Findings of Fact and Conclusions as follows.

**FINDINGS OF FACT:**

1. This bankruptcy case was commenced by the filing of a Chapter 11 Petition on December 14, 2009.

2. On April 13, 2010, Pacific Source filed it's proof of claim as an unsecured creditor of the estate as of the date of the petition in the amount of $154,465.58.

3. The Chapter 11 case was converted to a case under Chapter 7 by Order entered on November 8, 2010 granting Debtors' motion for same.

U.S. Bankruptcy Court - Hawaii   #09-02937   Dkt # 248   Filed 11/18/11   Page 2 of 6

4. Dane S. Field was appointed Trustee on November 8, 2010.

5. On February 22, 2011, Debtors Dale and Virginia Parsons, along with others, filed a Complaint in the United States District Court for the District of Hawaii, Civil No. 11-00111 DAE - KSC, ( "District Court Case") against Pacific Source Inc., ("Pacific Source") and its principle Mark Mason, arising out of the pre petition dealings between the Debtors and Defendants Pacific Source and Mark Mason .

6. On July 26, 2011 an Order was entered in the District Court Case substituting the Trustee as the real party in interest for Debtors and Plaintiffs therein, Dale and Virginia Parsons.

7. The Trustee, by and through his counsel, investigated the claims made by Debtors Dale and Virginia Parsons against Pacific Source and Mark Mason in the District Court Case and the claims made by Pacific Source against the Debtors' estate herein.

8. A compromise of the respective claims of the parties was subsequently agreed to and on September 20, 2011 Pacific Source filed an amended proof of claim against the Debtors' estate thereby reducing its claim to the amount of $99,814.61.

U.S. Bankruptcy Court - Hawaii #09-02937 Dkt # 248 Filed 11/18/11 Page 3 of 6

9. The Trustee proposes to settle the Debtor's pre petition claims against Pacific Source and Mark Mason as alleged in the District Court Case in consideration of the payment of the sum of $25,000.00 to the Debtors' estate.

10. Should the Trustee chose to litigate the claims made in the District Court Case, the likelihood of success on those claim is low given the evidence available, the nature and complexity of factual allegations made in support of those claims and the legal theories upon which those claims are based.

11. Should the Trustee litigate and prevail on the claims made in the District Court Case, it does not appear that any particular problems would be encountered in the matter of collection.

12. The complexity of the litigation that would be involved is high and the expenses that would be incurred by the estate in prosecuting that litigation would be substantial.

13. The inconvenience and delay to the administration of the estate that would result from litigating the claims made would be substantial.

14. The paramount interest of the creditors would not be advanced by the litigation and no creditor has in fact expressed any objection to the proposed settlement. To the contrary, it is more likely than not that litigation of the claims

U.S. Bankruptcy Court - Hawaii #09-02937 Dkt # 248 Filed 11/18/11 Page 4 of 6

made in the District Court Case would result in the administrative insolvency of the estate.

15. At the hearing, Debtors' counsel indicated that the Debtors' objection to the proposed settlement was primarily to insure that any claims made by Plaintiff Gordon P. A. Smith in the District Court Case were not included in the proposed settlement.

## CONCLUSIONS OF LAW

1. The proposed settlement does not include the settlement of any claim made by Plaintiff, Gordon P. A. Smith in the District Court Case.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Trustee, as "the representative of the estate" has the authority, subject to Court approval, to settle claims of the estate pursuant to § 323(a) of the Bankruptcy Code.

4. The Court will generally approve a settlement if it is fair and equitable and in the best interest of the estate. Reynolds v. C.I.R., 861 F.2d 469, 473 (6th Cir. 1988) In re American Reserve Corp., 841 F.2d 159 (7th Cir. 1987)

5. The Court need not conduct an independent investigation or

U.S. Bankruptcy Court - Hawaii   #09-02937   Dkt # 248   Filed 11/18/11   Page 5 of 6

"mini-trial" in formulating its opinion as to the reasonableness of a settlement. The Court may give weight to the Trustee's informed judgment that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise. In re Check Reporting Services, Inc., 137 B.R. 653 (Bankr. W.D. Mich. 1992).

6. The Court having given due consideration to the above and the factors enumerated by the Ninth Circuit Court of Appeals in In re A&C Properties, 784 F.2d 1377 (9th Cir. 1986), concludes that the proposed settlement is fair and equitable and in the best interest of the estate and the creditors herein.

DATED: Honolulu, Hawaii, NOV 1 8 2011 , 2011

_____
UNITED STATES BANKRUPTCY JUDGE

U.S. Bankruptcy Court - Hawaii #09-02937 Dkt # 248 Filed 11/18/11 Page 6 of 6