Date Signed:
March 19, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>DALE JULIAN PARSONS and<br>MARY VIRGINIA PARSONS,<br><br>Debtors. | Case No. 09-02937<br>Chapter 7<br><br><br><br>Re: Docket Nos. 384, 398 |

## MEMORANDUM OF DECISION ON OBJECTION TO CLAIM AND MOTION FOR RECONSIDERATION

In this case, the debtor has objected to the Office of Consumer Protection's claim against the estate. For good measure, she also moved for reconsideration of a stipulated order allowing the claim. For the reasons that follow, I will overrule her objection and deny her motion for reconsideration.

**Background.** On June 1, 2010, the State of Hawaii Office of Consumer Protection (OCP) filed a claim against the estate. It asserted a claim for civil penalties arising from Chapter 480 of the Hawaii Revised Statutes, a claim for

restitution on behalf of consumers the debtor allegedly victimized, and a claim for attorney's fees and costs. The causes of action arose between 2008 and 2009, but the OCP had not gotten a judgment against the debtor before she filed for bankruptcy.[1] Some of the consumers filed their own proofs of claim.

The bankruptcy trustee objected to the OCP's claim. The two parties negotiated a stipulated judgment allowing the claim, which the court approved.

In October 2013, the OCP filed an adversary proceeding to determine the extent to which its claims are nondischargable under section 523 of the Bankruptcy Code. In a prior memorandum of decision,[2] I ruled that the OCP's claim for civil restitution on behalf of consumers was not excepted from discharge, but that the civil penalties were.

The debtor has now filed an objection to the claim and moved the court to reconsider the stipulated order allowing the claim. The debtors' arguments are largely the same in each motion.

**Discussion.** In general, the debtor does not have standing to object to a claim against the estate unless the debtor has a pecuniary interest in the outcome of the objection. In a chapter 7 case, such an interest might exist if the

---

[1] Case no. 09-02937, Claim 23-2 Part 2, at 27.

[2] Adversary proceeding no. 13-9007, dkt. 58.

2

disallowance of the claim would create or increase a surplus distributable to the debtor, or where the debtor has been denied a discharge so the debtor will remain liable for all allowed claims against the estate, or where the reduction of a dischargeable claim would increase the amount paid on a nondischargable claim.[3]

The debtor does not have standing because she has no pecuniary interest in the outcome. Nobody disputes the fact that the estate is administratively insolvent and that there is no chance of a surplus. The outcome of her objection will not affect the extent of her nondischargeable liabilities because I have already ruled that she is entitled to relitigate the OCP's nondischargeable claims in a separate proceeding. Allowing the OCP's claim against the estate has no effect on the debtor individually.

**Conclusion.** Because the debtor does not have standing to object to a claim against the estate or to move for reconsideration of an order allowing the claim, her objection is OVERRULED and her motion is DENIED.

**END OF MEMORANDUM**

---

[3] *In re Lona*, 393 B.R. 1, 3-4 (Bankr. N.D. Cal. 2008).